**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SUHAIL ABDU ANAM, *et al.*,

Petitioners,

v.

BARACK H. OBAMA, *et al.*,

Respondents.

Civil Action No. 04-1194 (TFH)

## ORDER

Pending before the Court is Petitioners' Motion to Compel Compliance with Sections I.D.1 and I.E.1 of the Case Management Order and to Set a Schedule (Dkt. No. 370). Petitioners request that the Court clarify Sections I.D.1 and I.E.1 of the Case Management Order ("CMO") issued in *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-0442, Dkt. No. 940 (Nov. 6, 2008) (TFH), *amended by*, Misc. No. 08-0442, Dkt. No. 1315 (Dec. 16, 2008) (TFH), and adopted by Judge Henry H. Kennedy to "govern the proceedings in this case." Order (Dkt. No. 376) (Feb. 10, 2009). Upon consideration of the motion, the government's response, the petitioners' reply, as well as supplements to the motion, the Court hereby

**ORDERS** that, pursuant to Section I.E.1(2), the government shall disclose to a petitioner *all* forms of the statements made or adopted by the petitioner that the government relies on to justify detention, including any (i) audio recordings of the statements, (ii) video recordings of the statements; (iii) transcripts of the statements; (iv) contemporaneous notes taken during the statements; or (v) records or reports of the statements prepared by persons other than the persons who prepared the summaries of the statements already produced. *See*

*Zaid v. Bush*, No. 05-cv-1646 (Dkt. No. 130) (D.D.C. Jan. 22, 2009) (Bates, J.) ("The phrase 'in whatever form' is plainly meant to expand respondents' obligation, not to cabin it. As written, section I.E.1(2) requires that if respondents rely on one of petitioner's statements to justify detention, then they must produce *all forms of that statement*."). The Court further

**ORDERS** that, pursuant to Section I.E.1(3), the government shall disclose to a petitioner information about the circumstances surrounding the taking of the statements made or adopted by the petitioner that the government relies on to justify detention, "including but not limited to any evidence of coercive techniques used during any interrogation or any inducements or promises made." *Zaid v. Bush*, No. 05-cv-1646 (Dkt. No. 96) (D.D.C. Dec. 22, 2008) (Bates, J.). The Court further

**ORDERS** that Petitioners' Motion to Compel Compliance with Sections I.D.1 and I.E.1 of the Case Management Order and to Set a Schedule is **GRANTED IN PART** as to the information and evidence identified above, and **DENIED IN PART** as to all other respects. Petitioners are granted leave to file supplements to their motions for additional discovery pursuant to Section I.E.2 of the CMO later in these proceedings. The Court further

**ORDERS** that the government's Section I.D.1 and I.E.1 disclosures pursuant to this order are due by May 26, 2009.

**SO ORDERED**.

May 11, 2009

/s/

Thomas F. Hogan
United States District Judge

2